Dear Ms. Plummer:
On behalf of the Vernon Parish Police Jury, you submit the following questions to this office for review:
 (1) May a newly elected member of the Vernon Parish Police Jury also serve as the Fire Chief of the Vernon Parish Fire District No. 1?, and
 (2) May a Vernon Parish Police Jury employee also serve as a member of the West Vernon Parish Waterworks District?
The Fire Chief of Vernon Parish Fire District No. 1 receives no compensation. R.S. 42:62(3) defines "employment" as any job compensated on a salary or a per diem basis in which the person is an employee of a political subdivision.[1] Since the Fire Chief is a volunteer and is not salaried or paid on a per diem basis, he is not considered "employed" for purposes of the Louisiana Dual Officeholding and Dual Employment Law, R.S. 42:61, et seq.
You advise this office that the position of Fire Chief is not created by ordinance. While the position of Fire Chief is appointed by the membership of the fire district board, the position falls outside the definition of "appointive office" under R.S. 42:62(2) because it is not created pursuant to statutory authority. An "appointive office" is a position defined by law to be "specifically established or authorized by law" and filled by appointment by elected or appointed public officials or a governmental body comprised of such officials.[2] *Page 2 
Since the Fire Chief is a volunteer, is not salaried or paid on a per diem basis, and is not an "appointee", we conclude there is no violation of the dual officeholding provisions concerning his concurrent service as elected police juror.
In response to your second question, we note that the employee in question is employed as parish road supervisor. He holds this position on a full-time basis.
West Vernon Parish Waterworks District is a creature of the parish police jury.[3] The waterworks district board is appointed by the police jury.[4] Thus, membership on the board constitutes a part-time local appointive office within a political subdivision of the state.
R.S. 42:63(E) prohibits the holding of two or more positions of full-time employment and/or appointive offices.[5] However, R.S. 42:63(E) has no applicability where one of the positions is held on a part-time basis, as is the case herein.[6] Thus, the parish road supervisor may also serve as a member of the West Vernon Parish Waterworks District. *Page 3 
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:___________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg
[1] R.S. 42:62(3) states:
"Employment" means any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof.
[2] R.S. 42:62(2) states: "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
[3] R.S. 33:3811 states in part that "police juries may divide their respective parishes into one or more waterworks districts, with such name or numbers as the police jury may designate. . . .".
[4] R.S. 33:3813 states in pertinent part:
A. In the ordinance creating a waterworks district under this Chapter, the police jury shall appoint five commissioners recommended in the petition for the creation of the district.
B. If no recommendation is made in the said petition, or no petition is received, the police jury shall exercise discretion in the choice of said commissioners. The said five commissioners shall, at their first meeting, determine by lot their terms of office, which shall be respectively, one, two, three, four and five years, and they shall serve until their successors shall have been appointed and qualified. Thereafter all commissioners shall serve at the pleasure of the authority which appointed them.
[5] R.S. 42:63(E) states:
E. No person holding a full-time appointive office or full-time employment in the government of this state or of a political subdivision thereof shall at the same time hold another full-time appointive office or full-time employment in the government of the state of Louisiana, in the government of a political subdivision thereof or in a combination of these.
[6] R.S. 42:62(4) and (5) state:
(4) "Full time" means the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work.
(5) "Part time" means the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in this Section as full time.